**4**

JOHN R. ROBERTS
Bankruptcy Trustee
Court@bankruptcy-info.com
P.O. Box 1506
Placerville, CA  95667-1506
(530) 626-6441

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. **13-28682-C-7** |
| **SPENCER RYAN GRIMENSTEIN**<br>**VANESSA DENESE GRIMENSTEIN** | DC NO. **JRR-1** |
| Debtor(s)._____/ | DATE: **DECEMBER 10, 2013**<br>TIME : **9:30 A.M.**<br>COURTROOM: **35** |

**MOTION FOR SALE OF ASSETS**
**[11 U.S.C. §§ 363(b) and 363(f) ]**

The motion of JOHN R. ROBERTS, as Trustee of the estate of the above-named debtor, respectfully represents:

1. JOHN R. ROBERTS is the duly elected, qualified and acting Trustee of the estate of the above-named debtors.

2. The Trustee seeks an order from the Court to sell certain assets of the bankruptcy estate as follows (hereinafter "Assets"):

   A. Real property, improvement and fixtures located at or about 5004 Nawal Drive, El Dorado Hills, CA.

   B. Real property, improvement and fixtures located at or about 1212 Suncast Lane, El Dorado Hills, CA.

   C. All of the funds contained in the Debtors' Wells Fargo Account, schedules as containing $1,000.00.

   D. All of the Debtor's membership interests, membership units, shares of stock, stock ownership and other ownership interests and rights in and to Buckskin Properties, Inc., an Idaho corporation.

   E. All of the Debtor's membership interests, membership units, shares of stock, stock ownership and other ownership interests and rights in

and to Timberline Development, LLC, an Idaho limited liability company.

F. All of the Debtor's partnership interests, shares of stock, stock ownership and other ownership interests and rights in and to Corporate Village Financial Group, Inc., a California corporation.

G. That certain 2008 Yukon Denali, listed on Debtors' Schedule B.

H. That certain 2001 BMW X5, listed on Debtors' Schedule B.

I. That certain 2003 BMW 330, listed on Debtors' Schedule B.

3. The Trustee has received an offer from Timberline Investors Group, LLC, (hereinafter "TIG") an unsecured creditor of the Debtors, for the sum of $35,000.00. Said sum has been tendered to the Trustee and is being held in an escrow account pending an Order from this Court approving the sale. The offer is more fully outlined in the Agreement for the Purchase and Sale of Assets attached to the Exhibits as **Exhibit "A".**

4. TIG is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m). See Declaration of Mark Reichman, member manager of TIG attached to the Exhibits as **Exhibit "B".**

5. The Assets will be sold subject to valid liens and security (hereinafter "Permitted Encumbrances"): (a) in favor of persons who are not insiders of the Debtors; (b) that were properly and duly "perfected" under California law as of the date of the Debtors' bankruptcy filing; and (c) that are not avoidable by the Trustee pursuant to sections 544, 547, 548, 549 or 553 of the Bankruptcy Code. The Assets will be sold "free and clear" of all other liens, claims, encumbrances and interests of any kind. Without limitation, the Assets will be sold free and clear of the Debtors' exemption rights and exemption claims.

6. The Assets are being sold "AS IS, WHERE IS" and the Trustee makes no warranty on the condition of the Assets.

7.  Consistent with California law and federal bankruptcy law, the Debtors' claimed exemptions in and against the Assets shall attach to the proceeds, *i.e.*, the applicable portion of the Purchase Price. The Trustee shall pay to the Debtors such portion of the Purchase Price to which they may be entitled on account of their exemptions which is the sum of $19,399.00.  The Debtors' exemptions will be paid within 10 days of the Order granting the Sale.

8.  The sale is subject to Bankruptcy Court approval.

9.  The sale is subject to overbid at the hearing.  Bidding shall be in $500.00 increments.  The winning bidder shall deposit the final sales amount with the Trustee within 48 hours.

10. The Debtors are permitted to credit bid the exemption value they have claimed on Schedule C as filed on September 13, 2013, Dkt No. 26, attached to the Exhibits as **Exhibit "C".**

11. The Trustee shall be authorized to execute any and all documents necessary to effectuate the sale and transfer the Assets.

12. The fourteen (14) day stay period of the order approving the sale of the Property under Federal Rules of Bankruptcy Procedure 6004(h) is requested to be waived.

WHEREFORE, Trustee prays for an Order from this Court

1.  Allowing him to sell the Assets as described herein to the highest bidder.

2.  Approving the sale of Assets pursuant to 11 U.S.C. § 363(b).

3.  Specifying that the sale of the Assets shall be "free and clear" of any exemption rights or other claims of Debtors and, pursuant to 11 U.S.C. § 363(f), "free and clear" of all liens, claims and encumbrances other than Permitted Encumbrances.

4. Determining that the buyer is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m).

5. Determining that there is no evidence of collusion within the meaning of 11 U.S.C. § 363(n).

6. Waiving the 14 day stay period under Federal Rules of Bankruptcy Procedure 6004(h).

7. Permitting the Trustee to execute any and all documents necessary to effectuate the sale of Assets and transfer said Assets to the successful bidder.

8. For such other and further relief as the Court deems just and proper.

DATED: November 12, 2013

/s/ JOHN R. ROBERTS, TRUSTEE
PO Box 1506
Placerville, CA 95667
530-626-6441
court@bankruptcy-info.com
State Bar No. 77919